**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00713-RSE**

**JENNIFER G.** **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
*Commissioner of Social Security* **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

The Commissioner of Social Security denied Claimant Jennifer G.'s applications for disability insurance benefits and supplemental security income. Claimant seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), filing a fact and law summary and brief (DN 15; DN 15-1). The Commissioner responded in a fact and law summary (DN 16), and Claimant replied (DN 17).

The parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 8).

## I. Findings of Fact

Claimant Jennifer G. ("Claimant") applied for disability insurance benefits under Title II of the Social Security Act in November 2023, alleging disability beginning on March 15, 2015. (Transcript, hereinafter, "Tr." 98; Tr. 261). Claimant also applied for supplemental security income under Title XVI of the Social Security Act in January 2024, alleging disability beginning on May

24, 2018. (Tr. 265). Her applications were denied by the State Agency Disability Determination service at the initial and reconsideration levels. (Tr. 92; Tr. 98; Tr. 106; Tr. 115).

At Claimant's request, Administrative Law Judge Neil Morholt ("ALJ Morholt") conducted a telephonic hearing in November 2024, at which both Claimant and a vocational expert ("VE") testified. (Tr. 43-73). During the hearing, Claimant testified as follows.

She lives alone and does not drive. (Tr. 50-51). She relies on her family for transportation, her parents living a block and a half away. (*Id.*). Her family comes over sometimes to help clean and take care of the lawn. (Tr. 52). She has not worked since 2015 and has arthritis in her hands, shoulders, hips, back, knees, and feet. (Tr. 52). When ALJ Morholt asked her to describe a typical day, Claimant stated that she gets up and makes coffee, gathers and takes her medications with food, then watches TV and looks at her phone. (Tr. 54-55). She makes something microwaveable or a sandwich for lunch, showers using a shower chair, and then will talk with her friends on the phone until her parents come and get her to eat dinner at their house. (*Id.*). She goes to bed around 10:30 PM every day and avoids napping but sometimes she naps because she wakes up during the night to use the restroom or from pain. (Tr. 55-56).

Turning to the VE's testimony, ALJ Morholt first asked Claimant's representative if he had any objections to the VE's qualifications, Claimant's representative said that he did not. (Tr. 65-66). In response to the hypothetical posed by ALJ Foster, the VE testified that the individual described could perform inspecting type jobs, for which approximately 50,000 jobs exist nationally; sit down assembly work, for which approximately 90,000 jobs exist nationally; and sedentary hand working and hand packing type jobs, for which approximately 60,000 jobs exist nationally. (Tr. 66-67). ALJ Morholt asked the VE if his testimony was consistent with the Dictionary of Occupational Titles, and the VE explained that the Selected Characteristics of

Occupation ("SCO") does not explicitly account for some of limitations included in the hypotheticals but that they were accounted for in his responses based on the manner the SCO differentiates positions (e.g., the sedentary jobs do not require climbing by the nature of the work), feedback from employers, and his training, education, and experience. (Tr. 69-70). He stated that he used the Occupational Employment Quarterly, Occupational Dictionary, and the Bureau of Labor Statistics to determine the available job numbers. (Tr. 71).

On December 23, 2024, ALJ Morholt issued an unfavorable decision and found that Claimant was not disabled. (Tr. 14-36). In following the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(a), ALJ Morholt found as follows. First, Claimant has not engaged in substantial gainful activity since May 24, 2018, the alleged disability onset date. (Tr. 20). Second, Claimant has the following severe impairments: degenerative disc disease, rheumatoid arthritis; mild osteoarthritis of the right should, knees, right hip, and hands; fibromyalgia; obesity; breast cancer, in remission; bilateral bone spur/Achilles tears and tendinitis; bilateral epicondylitis; depressive disorder; and generalized anxiety disorder. (*Id.*). Third, none of the listed impairments or combinations of impairments meet or medically equal the severity of impairments listed in 20 C.F.R. Part 404 Subpart P, Appendix 1. (*Id.*). Fourth ALJ Morholt found the Claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) with the limitation that Claimant can never crawl or climb ladders, ropes or scaffolds. (Tr. 23). ALJ Morholt also found that Claimant can do the following:

> [S]he can occasionally climb ramps/stairs, stoop, kneel, crouch, push/pull with the bilateral lower extremities and make occasional use of foot controls bilaterally. She can occasionally be exposed to extreme heat, humidity, vibration, unprotected heights, and dangerous machinery…The claimant can occasionally reach overhead with the bilateral upper extremities and frequently reach in all other directions with the bilateral upper extremities. She can frequently handle and finger bilaterally, and frequently push/pull with the bilateral upper extremities. She can understand, remember, and carry out simple and detailed tasks and instructions in a routine

> work setting for extended 2-hour periods before the need for a regulatory scheduled break. The claimant can frequently interact with supervisors and coworkers and occasionally interact with the general public.

(*Id.*). Finally, ALJ Morholt determined that Claimant has no past relevant work experience, but Claimant can perform a full range of sedentary work including inspector, bench assembler, and hand packer. (Tr. 35). In doing so, ALJ Morholt accepted the VE's unopposed testimony, noting that while the VE's testimony was inconsistent with the information contained in the Dictionary of Occupational Titles, he provided a "reasonable explanation for the discrepancy" and relied on his training, education, and experience. (Tr. 36).

Claimant appealed ALJ Morholt's decision, and the Appeals Council denied review. (Tr. 1). At that point, ALJ Morholt's decision became the final decision of the Commissioner, and Claimant sought judicial review from this Court pursuant to 42 U.S.C. § 405(g). (DN 1).

## II. Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-4 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant numbers in the national economy. *Id.* at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an

inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 495(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could support a decision as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citations omitted). When the Court reviews the Administrative Law Judge's application of legal standards, the decision is reviewed for harmless error. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). Accordingly, when an Administrative Law Judge fails to adhere to the appropriate rules and regulations, remand is warranted if "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Id.* (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)).

## III. Conclusions of Law

Claimant asserts one claim of error, that ALJ Morholt's decision is unsupported by substantial evidence because the jobs numbers the VE provided, and accepted by ALJ Morholt at Step Five, are unreliable. (DN 15, at PageID # 4458). Claimant provides job numbers from the SkillTRAN Job Browser Pro ("SkillTRAN") database to contradict those provided by the VE, arguing the SkillTRAN job numbers are more accurate and reliable. (*Id* at PageID # 4460-66). The SkillTRAN job numbers, Claimant submits, demonstrate that the positions ALJ Morholt's cited in the decision do not exist in significant numbers in the national economy, and render the decision unsupported by substantial evidence. (*Id.* at PageID # 4460-66).

The Commissioner's Response argues that while SkillTRAN may be considered a reliable source for job information, a VE is not required to rely on SkillTRAN to estimate the number of jobs available in the national economy, nor are a VE's estimates unreliable simply because they do not conform with SkillTRAN's. (DN 16, at PageID # 4474-75). The Commissioner adds that the Court may only consider the record available to ALJ Morholt in conducting its review, so the SkillTRAN job numbers should be disregarded. (*Id.* at PageID # 4475). The Commissioner goes on to argue that even if the Court considers the SkillTRAN job numbers, they would only serve to conflict with the VE's testimony regarding the number of available for each position cited, and ALJ Morholt would still be entitled to rely on the VE's testimony and estimates, which the Commissioner contends were unopposed when ALJ Morholt issued the decision and provide substantial evidence in support of the same. (*Id.* at PageID # 4475-77).

In reply, Claimant argues that her representative's cross-examination of the VE during the hearing, asking the VE for the "source of the job numbers[,]" demonstrates that she expressed concern about the VE's testimony before the ALJ and did not forfeit her opportunity to challenge that testimony on appeal. (DN 17, at PageID # 4479-81). Claimant clarifies that she takes issue with the data and methodology the VE used to determine the job estimates and that the case should be remanded so the ALJ can inquire into the same. (*Id.* at PageID # 4481-82).

At Step Five, the ALJ determines whether the claimant, based on her RFC and vocational factors, can perform other work existing in the national economy. 20 C.F.R. § 404.1520(g)(1). The Commissioner bears the burden of proof at step five, and VE testimony identifying specific jobs a claimant can perform, can constitute substantial evidence to support the ALJ's findings. *Trista L. v. Comm'r of Soc. Sec.*, No. 2:25-cv-01184, 2026 WL 1133321, at *4 (S.D. Ohio Apr. 27, 2026). "A reviewing court is constrained to reviewing the record that was before the ALJ to determine if

the ALJ's decision was supported by substantial evidence." *Schulte v. Comm'r of Soc. Sec.,* No. 1:24-CV-01274-DAR, 2025 WL 778771, at *9 (N.D. Ohio Mar. 12, 2025) (citing *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 685 (6th Cir. 1992)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003), *report and recommendation adopted*, 2025 WL 2751014 (Sep. 26, 2025). When a claimant presents new evidence to the reviewing court that was not before the ALJ, "the court *may* remand the case to the ALJ so that the ALJ may consider the evidence, but only if the 'claimant shows that (1) new material evidence is available, and (2) good cause is shown for failure to incorporate such evidence into the proceeding.'" *Schulte*, 2025 WL 778771 at *9 (quoting *Willis v. Sec'y of Health & Hum. Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)).

Claimant suggests that the SkillTRAN job numbers provide new evidence that thwart the finding of substantial evidence and require the Court to remand the case for further inquiry into the VE's data sources and methodology. Not so. Claimant's representative did not present the SkillTRAN job numbers to ALJ Morholt during the hearing or afterwards through a letter or written objection. But Claimant does not explain why good cause exists for her failure to present the SkillTRAN job numbers to ALJ Morholt's during the prior proceedings so the Court cannot remand the matter for ALJ Morholt to consider this evidence. Accordingly, the Court need only consider whether, based on the record before ALJ Morholt at the time he rendered his decision, his decision is supported by substantial evidence.

To the extent the VE's testimony was consistent with the Dictionary of Occupational Titles, ALJ Morholt, in accordance with Social Security Ruling 00-4p, questioned the VE about that inconsistency and determined the VE proffered a reasonable explanation for it. (Tr. 36); *see* SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Outside of that inconsistency, at the time ALJ Morholt rendered his decision, the VE's testimony remained unopposed as Claimant did not object to the

VE's qualifications, or object to the substance of the VE's responses to ALJ Morholt's questioning either during the hearing or afterwards.

To the extent Claimant contends that her representative challenged the VE's testimony regarding job estimates during the hearing such that ALJ Morholt should have inquired into the VE's data sources and methodology further, the Court is unconvinced. Claimant's representative posed one question to the VE that directly related to job numbers during the hearing: "can I ask you what's the source of the job numbers?" (Tr. 71). The VE answered, identifying "[t]he Occupational Employment Quarterly, Occupational Employment Dictionary and Bureau of Labor Statistics that go along with that and Occupational Employment Quarterly." (*Id.*). The Court is skeptical that this question demonstrates "concerns regarding the sources" the VE relied upon. And beyond that, Claimant's representative did not question the VE about his methodology in reaching those job estimates. Claimant cannot claim that the VE failed to "elaborate on or provide a description of the methodology he used to arrive at" the job estimates on cross-examination when no such question was posed. While Claimant's representative questioned the VE on cross-examination about the hypotheticals and data sources used, he did not challenge the basis of the VE's opinion.

The VE provided his testimony in consideration of Claimant's age, education, and experience, in response to a hypothetical that accurately represented Claimant's RFC, and in reliance on his professional experience and reliable sources of information commonly used in the vocational profession. ALJ Morholt made his finding at Step Five in reliance on that VE testimony, "as he is permitted to do under Sixth Circuit law." *Schulte*, 2025 WL 778771, at *9 (citing *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010); *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 317 (6th Cir. 2020)). Thus, based on the record presented before him, ALJ Morholt's

Step Five decision that Claimant can perform jobs that exist in significant numbers in the national economy is supported by substantial evidence. *See, e.g.*, *Lajuan F. v. Comm'r of Soc. Sec.*, No. 24-11094, 2025 WL 1832316, at *6 (E.D. Mich. June 17, 2025) ("the VE's uncontradicted testimony 'easily qualifies' as substantial evidence supporting the ALJ's determination at Step Five.").

**ORDER**

For the reasons set forth above, ALJ Morholt's decision is supported by substantial evidence and comports with the applicable regulations.

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED**. This is a final and appealable Order and there is no just cause for dely.

Regina S. Edwards, Magistrate Judge
United States District Court

August 17, 2026

Copies: Counsel of Record